Dear District Attorney Cassidy:
This office is in receipt of your request for an opinion of the Attorney General in regard to reimbursement of various expenses of the salaried coroner in Jefferson Davis Parish that he maintains are necessary and unavoidable in the operation of his office. The questionable expenses are as follows:
 1. The coroner uses his own vehicle and has submitted a bill for mileage for speaking at civic clubs, attending a legislative session to lobby for a coroner's association bill, attending coroner's association meetings, and a civil trial where he was subpoenaed as a witness but was continued at the last minute, and no witness fees were paid;
 2. Reimbursement at the rate of $100.00 per situation for recording death scenes with his own video camera which are retained in the event they are needed in a court proceeding, and in which he charges $100.00 to any person requesting a copy of the videotape. It is questioned if this is a reasonable fee of a public record, and can the police jury collect the fee for deposit in the coroner's operation fund that they administer;
 3. Reimbursement between the difference of the minimum insurance coverage on his car (10/20-10) and liability coverage of 250/500/250;
 4. Reimbursement for lunch for the anthropology team from LSU he asked to Jennings to analyze a homicide victim and took to lunch.
The Louisiana Supreme Court in a unanimous opinion recently rendered a decision on the issues of whether the Constitution or statutory laws impose a mandatory duty on parish governing bodies to pay coroners a salary, and/or to pay salaries for ancillary personnel of the coroner's office, and "what items constitute the `necessary or unavoidable' operational expenses of the coroner's office as referred to in La. R.S. 33:1556(B)(1)." Carriere v. St.Landry Parish Police Jury, et al, No. 97-C-1937, Mar. 4, 1998.
The Louisiana Supreme Court recognized that R.S. 33:1556(B)(1) clearly places responsibility for payment of the coroner's operational expenses on parish governing bodies in providing as follows:
 All necessary or unavoidable expenses, including supplies, incident to the operation and functioning of the coroner's office shall be paid by the parish when such expenses are certified by the coroner as being necessary or unavoidable.
The police jury did not dispute it must pay "necessary or unavoidable" operational expenses, but claimed that many of the items requested were not legitimate or reasonable in amount; and the Court agreed that the mandatory duty of the parish governing authority was limited to expenses certified by the coroner as necessary or unavoidable "by the standard of reasonableness". The Court stated as follows:
 The budget request of the coroner must be 1) legitimately related to the function of his office, and 2) it must be in a reasonable amount. Nonetheless, the Police Jury must accept its responsibility to pay all "necessary or unavoidable" operational expenses so that the coroner's office can properly function.
In reviewing the budget request to determine whether the items were reasonable "necessary or unavoidable" operational expenses, the court listed the items meeting this standard as follows:
 Accounting Charges $1,800 Association and Dues $600 Banking Expenses $180 Insurance/Errors and Omissions $1,500 Insurance/Non-Owned Automobiles $1,080 Medical Supplies $600 Mobile Phone $720 Office Copy and Computer Supplies $900 Pager $360 Postage $900 Telephone Service $1,500 Mileage Reimbursement $2,400
These items, totaling $12,540 in "necessary or unavoidable" operational expenses, were approved in addition to office space, office equipment and supplies, utilities, or janitorial services as "necessary or unavoidable" operational expenses of the coroner's office. If office space is provided the governing body must also provide essential furniture, equipment and supplies, and if office space is rented, office equipment and supplies are covered as "necessary or unavoidable" operational expenses. Transportation of bodies and storage costs was also found to be a "necessary or unavoidable" expense that must be budgeted. In conclusion, it was stated, "In accordance with La. R.S. 33:1572, the Police Jury shall first use monies in the Coroner's Operational Fund to fund the coroner's operational budget, and then resort to other funds to pay the remainder."
This office has recognized that R.S. 44:32(C) mandates that custodians of public records provide copies to persons so requesting, and further provides he "may establish and collect reasonable fees for making copies of public records." It was concluded, "Thus, there is clear authority for the charges as long as they are reasonable." Moreover, it was reasoned inasmuch as the statute provides the custodian may collect reasonable fees for making copies of public records, this infers these fees go to him as the collector in addition to the fees set forth in R.S.33:1556. Atty. Gen. Op. No. 93-802. This office has further stated while a salaried coroner may not receive the fees established in R.S. 33:1556(A), this prohibition would not apply to fees for other services, Atty. Gen. Op. Nos. 95-111, 95-112.
R.S. 33:1560 allows a coroner to contract with any competent physician or other expert to assist in the conduct of an investigation or autopsy. The statute further specifies the expert shall be paid "such compensation for his services as shall be mutually agreed upon by the coroner and governing authority of the parish or municipality responsible for the expenses of the investigation or autopsy".
If there has been an agreement by the governing authority for compensation for the LSU anthropology team, it would not be unreasonable to decline to also pay the expense of lunch. However, if they have not otherwise been compensated, the expense of lunch could appropriately be considered as a value for services rendered.
We note that in the Carriere decision, supra, the Louisiana Supreme Court has found operational expenses includes insurance, association and dues, and mileage reimbursement for the coroner, but this must also be considered with the finding of the supreme court that the expense be a reasonable amount, after having determined that the expense is legitimately related to the function of the office.
This office has previously been requested to render opinions in regard to the question of what constitutes reasonable and necessary expenses for a coroner when there were disputes between the coroner and governing authority. It was stated in such disputes the decision of the police jury would prevail, but the definitive method of having the questions addressed would be to have the coroner submit the bills in question to the police jury with certification that said expenses are necessary and unavoidable, and if the police jury disagrees with the coroner and refuses to pay said expenses, legal action can be instituted whereby a judge can decide whether the expenses in question are necessary and unavoidable. Atty. Gen. Op. Nos. 86-300, 84-1, 76-125.
The determination if expenses are necessary and unavoidable expenses are questions of fact as is the question of the reasonableness of the charge. These factual issues are not matters for this office to determine, and we can only set forth the guidelines to be considered under statutory law and in the court decisions to make the determination.
We hope this sufficiently responds to your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR